# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**XAVIER J. ROCKETTE,**
           **Petitioner,**

    **v.**                                                                               **Case No. 07C0191**

**PHIL KINGSTON,**
           **Respondent.**

---

## DECISION AND ORDER

On February 28, 2007, Xavier J. Rockette filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In 2003, petitioner was convicted after a jury trial of first-degree intentional homicide and felon in possession of a firearm. He was sentenced to 35 years in prison, followed by 20 years of extended supervision. Petitioner is currently incarcerated at Waupun Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner raises several grounds for relief, all related to a particular eyewitness against petitioner. First, petitioner asserts that he was denied his constitutional right to confront adverse witnesses when the prosecutor read the entirety of the witness's out-of-

court statements after the witness said that he didn't remember the statements, rather than first attempting to refresh the witness's recollection. This raises a colorable claim under the Sixth and Fourteenth Amendments to the United States Constitution. See Crawford v. Washington, 541 U.S. 36 (2004). Second, petitioner asserts that the State failed to provide his trial counsel with impeachment evidence about the witness – namely, that he had earlier lied to police in an attempt to implicate petitioner in another murder. This claim is cognizable under the Fourteenth Amendment. See United States v. Bagley, 473 U.S. 667, 676 (1985). Third, petitioner asserts that the prosecutor improperly vouched for the witness's credibility in closing arguments. This raises another colorable due process claim. See Darden v. Wainwright, 477 U.S. 168, 181 (1986). Finally, petitioner asserts that he was denied his constitutional right to present a defense when the trial court refused to permit his trial counsel to present evidence relating to the witness's credibility. This, too, is cognizable under the Fourteenth Amendment. See Chambers v. Mississippi, 410 U.S. 284, 294 (1973).

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's

opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory M. Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 10 day of March, 2007.

/s_____
LYNN ADELMAN
District Judge