# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

XAVIER J. ROCKETTE,
        **Petitioner,**

   v.                                                    **Case No. 07C0191**

MICHAEL THURMER,[1]
        **Respondent.**

## DECISION AND ORDER

On February 28, 2007, Xavier J. Rockette filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for first-degree intentional homicide. On March 10, 2007, I screened Rockette's petition and found that each of his grounds for relief were cognizable in a habeas petition. On April 16, 2007, respondent answered the petition; on May 15, 2007, petitioner filed a brief in support of the petition; and on July 20, 2007, respondent filed a brief in opposition to the petition. Before me is petitioner's motion to amend his petition and stay the present proceedings.

Petitioner's original petition raises four grounds for relief, each related to a particular eyewitness against petitioner. First, petitioner asserts that he was denied his constitutional right to confront adverse witnesses when the prosecutor read the entirety of the witness's out-of-court statements after the witness said that he didn't remember the statements, rather than first attempting to refresh the witness's recollection. Second, petitioner asserts that the State failed to provide his trial counsel with impeachment evidence about the witness – namely, that the witness had earlier lied to police in an attempt to implicate

---

[1] Michael Thurmer has replaced Phil Kingston as the warden of Waupun Correctional Institution and the custodian of petitioner Xavier J. Rockette. I have altered the caption to reflect this fact.

petitioner in another murder. Third, petitioner asserts that the prosecutor improperly vouched for the witness's credibility in closing arguments. Finally, petitioner asserts that he was denied his constitutional right to present a defense when the trial court refused to permit his trial counsel to present evidence relating to the witness's credibility.

In petitioner's motion to amend and stay, petitioner alleges that he recently received his file from his appellate counsel and recognized additional constitutional errors that have never been raised in state court. He seeks to amend the present petition with these new grounds for relief, and then to stay the present proceedings so that he can exhaust his new claims in state court. He lists the recently-discovered constitutional errors as follows:

> inter alia, [1] evidence that someone other than petitioner committed the crime; [2] The Judge improperly commented upon the evidence before Jury; [3] prosecution witness was improperly permitted to state that petitioner was a drug dealer; [4] the sufficiency of the evidence; [5] The prosecution was improperly permitted to argue to the Jury that petitioner either committed the crime or Was a party to the crime; [6] The prosecution was permitted to improperly argue to the Jury that a hostile prosecution Witness, Who's credibility was impeached with prior inconsistent statements, went to the guilt and innocent of petitioner, rather than the credibility of the witness; [7] and affidavit from Jail house informant, indicated he was directed by Jailers to question Rockette regarding his involvement in the crime.

(Mot. to Amend at 2.) Only one of these new "constitutional claims of errors" – the sufficiency of the evidence – appears to be a genuine constitutional claim that would be cognizable in a habeas petition. The other complaints allege, at most, errors of state law, and therefore clearly do not warrant amendment and abeyance. I now turn to whether I should permit petitioner to amend his petition with his insufficient evidence claim and stay the proceedings so that petitioner may exhaust such claim in state court.

First, I note that petitioner's motion to amend does not raise an issue of timeliness governed by Mayle v. Felix, 545 U.S. 644 (2005). In that case, the Supreme Court sharply restricted a petitioner's ability to amend a habeas petition to add new claims after the

expiration of the one-year statute of limitations applicable to federal habeas petitions. Id. at 663-64. In the present case, by my calculation, the one-year statute of limitations has yet to run. As such, I need not determine whether, under Mayle, petitioner's insufficient evidence claim is "tied to a common core of operative facts" as his original claims. Id. at 664. Rather, the standard governing whether I should permit petitioner to amend his petition is whether "justice so requires." Fed. R. Civ. Pro. 15.

Of course, in this case, petitioner's proposed amendment would implicate the exhaustion requirement of Anti-terrorism and Effective Death Penalty Act (AEDPA). A federal habeas court may not entertain a constitutional claim unless such claim was first exhausted in the state courts. 28 U.S.C. § 2254(b)(1). Ordinarily, a petition for a writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. Rose v. Lundy, 455 U.S. 509 (1982); Cruz v. Warden of Dwight Correctional Ctr., 907 F.2d 665, 667 (7th Cir. 1990). However, a district court has discretion to stay a mixed petition rather than dismiss it where the petitioner could be time-barred from returning to federal court, and should do so if "the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005).

In the present case, petitioner freely admits that he has not exhausted his insufficient evidence claim in the state courts and that there is a state procedure by which he could exhaust such claim. Given that petitioner's one-year time period for filing his federal habeas petition has not yet run, respondent has answered and the original petition is nearly fully briefed, and "defendants challenging the sufficiency of the evidence at trial face a 'nearly insurmountable hurdle,'" United States v. Cueto, 151 F.3d 620, 629 (7th Cir. 1998),

3

I will deny petitioner's motion to amend and stay. However, if petitioner asks me to dismiss his petition without prejudice so that he may exhaust his sufficient evidence claim, or any other claim, in state court, and later file a new, complete habeas petition, I would be inclined to grant his request. If he does so, petitioner must take care to observe the relevant statute of limitations and tolling provisions for habeas corpus in federal court in order to avoid being barred from returning. See § 2244(d)(1).

If petitioner chooses not to ask me to dismiss his petition, then petitioner may file a reply to respondent's brief in opposition to the original petition within thirty days of this order and I will thereafter proceed to decision on the original petition.

Therefore,

**IT IS ORDERED** that Michael Thurmer is substituted as the respondent in this action.

**IT IS FURTHER ORDERED** that petitioner's motion to amend and stay is **DENIED**.

**IT IS FURTHER ORDERED** that if petitioner wishes to file a brief in reply to respondent's brief in opposition to the petition for a writ of habeas corpus, he must do so within thirty (30) days of this order.

Dated at Milwaukee, Wisconsin, this 1 day of August, 2007.

/s_____
LYNN ADELMAN
District Judge