# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

XAVIER J. ROCKETTE,
        Petitioner,

    v.                                                                         Case No. 07C0191

MICHAEL THURMER,
        Respondent.

## ORDER

On February 28, 2007, Xavier J. Rockette filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition has been screened and nearly fully briefed. On May 7, 2007, petitioner filed a motion to amend his petition with new, unexhausted claims and stay the present proceedings while he exhausts his new claims in state court. On August 1, 2007, I denied petitioner's motion. I noted that only one of the new claims raised appeared to be cognizable in a habeas petition, petitioner had provided no argument that such claim was potentially meritorious and petitioner's case was almost fully briefed here. Perhaps most importantly, I found that there was no need for an amendment and stay, as petitioner still has time to exhaust his claims in state court. If petitioner wants to pursue his additional claims, he need only ask me to dismiss his case without prejudice and I will do so. Meanwhile, he may exhaust his claims in state court and re-file his petition in federal court when all of his claims are ready.

Petitioner has now filed a motion for reconsideration. He raises additional new claims that he would like to add to his petition, and argues that he "is dreadfully fearful, that if he voluntarily withdraw his habeas petition, with so little time remaining before his one year period elapses, that being a pro se litigant, he will invarible [sic] make filing errors that could result in his case effectively being barred from the federal arena." (Mot. for Reconsideration

at 8.) I will again deny petitioner's motion. There is simply no reason to leave the present case pending while petitioner litigates numerous claims in state court given that his one-year statute of limitations on filing a federal petition has not yet run, his new claims were not raised in his initial petition and his initial petition is nearly ready for decision. In addition, petitioner does not seem to have even settled on the exact contours of his proposed amended petition. Thus, if petitioner wants to preserve the ability to raise new, currently unexhausted claims in federal court, I continue to find that the most appropriate course of action would be for petitioner to ask me to dismiss his petition without prejudice and file an action in state court raising his new claims. When petitioner completes his litigation in state court, he may then bring all of his constitutional claims in a single habeas petition in federal court.

I understand that petitioner is proceeding pro se and is concerned about running out of time. However, petitioner's filings in the present case have been coherent and timely, and I will not allow an amendment and stay of the present action merely due to a vague fear of violating the statute of limitations. If petitioner chooses to dismiss the present action and go to state court, he will need to act diligently. However, so far as I can tell, the only thing presently delaying petitioner from filing an action in state court has been his preparation of the present motion for reconsideration.

**Therefore,**

**IT IS ORDERED** that petitioner's motion for reconsideration is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8 day of August, 2007.

/s_____
LYNN ADELMAN
District Judge